IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
JUN - 5 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| KARREN D. THURMOND § | |
| § | |
| Plaintiff § | |
| vs. § | CAUSE NO: MO-14-CV-047 |
| § | |
| CEFCO CONVENIENCE STORE § | |
| § | |
| Defendants § | |
| § | |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, KARREN D. THURMOND, Plaintiff, by and through her attorney, Gerald K. Fugit and complaining of CEFCO CONVENIENCE STORE, Defendant, and respectfully states to the Court as follows, to wit:

### PARTIES

1. The Plaintiff, KARREN D. THURMOND, is a resident of **Midland,** Midland County, Texas

2. CEFCO CONVENIENCE STORE, Defendant is a business entitled to do business in the State of Texas. Service may be had upon the Registered Agent, Mike Fike at 6261 Central Pointe Parkway, Temple, Texas 76504.

### JURISDICTION/VENUE

1

rcpt 700007449

3. Attached hereto and made a part hereof for all purposes is a certain letter dated March 7, 2014, which is a notice of suit rights. Shown herein as **Exhibit 1.** The suit must be filed within ninety (90) days. This lawsuit has been filed within the time period.

4. Under the provisions of certain statutory sections this lawsuit is brought. The provisions are as follows, to wit:

    A. Race

    B. Retaliation

    C. Title VII of Civil Rights- Age Discrimination

    D. Equal Pay

    E. 29 U.S.C. 621, 29 U.S.C. 626(e), and 29 U.S.C. 623

## FACTS

5. The Plaintiff, KARREN D. THURMOND formally worked for the Defendant, CEFCO CONVENIENCE STORE, from October 29, 2012 until January 21, 2014. KARREN D. THURMOND was terminated on January 21, 2014.

6. The Plaintiff, KARREN D. THURMOND managed a store in Midland, Midland County, Texas.

7. During the time The Plaintiff, KARREN D. THURMOND, worked for the Defendant, CEFCO CONVENIENCE STORE, it was very difficult to hire and maintain

employees in Midland, Midland County, Texas when you wanted to start someone out at $8.00 per hour and they can work for McDonalds with an hourly wage starting at $12.00 an hour.

8. It was extremely difficult for the Plaintiff, KARREN D. THURMOND, to hire three (3) people to find one that was honest, loyal, and dependable employee.

9. The Plaintiff, KARREN D. THURMOND, had worked in retail for a number of years prior that she was employed by the Defendant, CEFCO CONVENIENCE STORE, on or before October 2012.

10. There was time that the Plaintiff, KARREN D. THURMOND, was the manager of the CEFCO CONVENIENCE STORE, she was responsible for becoming the assistant manager to the manager of the store. The Plaintiff, KARREN D. THURMOND, store that she managed was part of the company wide charity drive. The Plaintiff, KARREN D. THURMOND, took it upon herself to purchase a TV and two (2) grills to raffle for the charity drive for the benefit of heart patients.

11. The Plaintiff, KARREN D. THURMOND, had a daughter that had heart problems. The Plaintiff, KARREN D. THURMOND, was interested in raising as much money as possible so that people like her daughter could be helped.

12. During the time The Plaintiff, KARREN D. THURMOND, was the store manager, Scott Dawson and Jay Sowells were the regional managers. They were over several stores throughout the area.

13. There was one occasion where Jay Sowells believed the Plaintiff, KARREN D. THURMOND was stealing the beer and selling it for the charity. This was not so. After looking at the videos and recounting and found out the problem was discovered. It was not the Plaintiff, KARREN D. THURMOND that was doing anything wrong. At that moment Jay Sowells took on an instant dislike to the Plaintiff, KARREN D. THURMOND, knew more about managing a store than he did.

14. Within a short period of time the Plaintiff, KARREN D. THURMOND, changed from an hourly rate to a salaried employee. The reasons for such were that on some occasions the Plaintiff, KARREN D. THURMOND was working eighty (80) to ninety (90) hours a week at an hourly rate.

15. There were over two hundred (200) stores in the system of CEFCO CONVENIENCE STORE. The Plaintiff, KARREN D. THURMOND's store sold the most and collected $10,000.00 for the companies charity.

16. After the charity event happened the staff members started to slack off. They would not show up for work. They would not call in to say they were having a problem. They were leaving for better pay.

17. After each employee left the Plaintiff, KARREN D. THURMOND, contacted Scott Dawson and he would ask "what do want me to say?" Finally, Scott Dawson was not able to find any solution for the problem that existed in obtaining qualified help for the store

18. It was constantly told to the Plaintiff, KARREN D. THURMOND, do not go over our heads to corporate management.

19. Finally, the Plaintiff, KARREN D. THURMOND, sent a company wide email in June, 2013 because of the staffing problems. The Plaintiff, KARREN D. THURMOND, at that time, was the only employee that worked over one hundred (100) hours in one week and no over time. Scott Dawson did not want a repeat of that time. Staffing was getting worse.

20. After working long hours the first week in December, 2013 the staff was down to her assistant manager, Robin Cobos. They worked together to keep each other going from open to close for over two (2) weeks. On December 15, 2014, the Plaintiff, KARREN D. THURMOND, and Robin Cobos opened the store; they had worked that week, very ill, throwing up, diarrhea, and severe weakness. They were to the point of passing out. Finally, the Plaintiff, KARREN D. THURMOND, and Robin Cobos closed the CEFCO CONVENIENCE STORE because they had to go to the emergency room.

21. At the emergency room they were told it was from being exhaustion and a very bad stomach virus. The Plaintiff, KARREN D. THURMOND and Robin Cobos were suppose to be off for three (3) days but ended up going in and opening and closing the CEFCO CONVENIENCE STORE, which was against the doctor's orders because Scott Dawson could not open and close the store.

22. The Plaintiff, KARREN D. THURMOND, or Robin Cobos never had a cash shortage and the CEFCO CONVENIENCE STORE was in better order than it had been.

23 It finally came necessary for the Plaintiff, KARREN D. THURMOND, to take her daughter to Dallas, Texas because of her heart condition. The Plaintiff, KARREN D. THURMOND, had not had a full day of from work for months.

24. Finally, the Plaintiff, KARREN D. THURMOND and Robin Cobos went to the home office in Temple, Texas to meet the Owners and the vice president of HR, whose name was Kipp. The Owners refused to see them. The vice-president did listen to them talk. No solution was given.

25. Finally, on January 21, 2014, Robin Cobos quit.

26. In December in a two (2) week period worked ninety nine (99) hours. It was inhuman.

27. The Plaintiff, KARREN D. THURMOND, states to the Court that she is/ has been retaliated against that and that she was terminated because she was female, was not allowed family leave in this particular situation.

## DAMAGES

28. Plaintiff, KARREN D. THURMOND seeks the following damages, from the CEFCO CONVENIENCE STORE Defendant, to wit:

    a. Injunctive Relief,

      b.      Actual Damages,

      c.      Court costs, and

      d.      Reasonable Attorney's fees as provided by law.

## CAUSES OF ACTION

29.     Plaintiff, KARREN D. THURMOND, sues the CEFCO CONVENIENCE STORE Defendant for the following, to wit:

      a.      Breach of Contract,

      b.      Infliction of Emotional Distress,

      c.      Negligence

      d.      Items in section 4 (A-E) herein

## MISCELLANEOUS

30.     All claims and causes of action are brought by the undersigned attorney and Plaintiff with the intention to assert such with good reason and/or cause. In the event such claims/causes of action are in conflict with the present law of the State of Texas and/or the United States of America, then these claims/causes of action are not brought to harass or in a frivolous manner. The claim/causes of action and/or other Legal contentions herein are warranted by existing law and/or by a non-frivolous argument of the extension, modification, and/or reversal of existing law and/or the establishment of new law.

KARREN D. THURMOND, demands a trial by jury of all these issues raised in civil action that a trial by jury be granted.

    32.    PRAYER:    Plaintiffs request as follows, to wit:

    a.    Defendant be cited to appear and answer herein;

    b.    For a judgment in excess of the minimum jurisdiction limits of the court;

    c.    Reasonable attorney's fees;

    d.    Cost of Court;

    e.    Prejudgment and post judgment interest; and

    f.    For such other and further relief to which it may show; themselves justly and entitled both at law and in equity;

    g.    Jury trial;

Respectfully submitted,

*Gerald Fugit*
Gerald K. Fugit
fugitg@att.net
GERALD K. FUGIT P.C.
412 N. Texas Avenue
Odessa, Texas 79761
Tel: (432) 332-1661
Fax :(432) 335-0003
State Bar No. 07501000

**ATTORNEY FOR PLAINTIFF**